UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MYFREEMEDICINE.COM, LLC, et al.,    )
                                    )
        Plaintiffs                  )
                                    )
v.                                  )    Civil No. 08-362-P-W
                                    )
GRAHAM WEAVER, et al.,              )
                                    )
        Defendants                  )

*RECOMMENDED DECISION ON MOTION TO STAY AND TO COMPEL ARBITRATION*

The remaining defendants,[1] Graham Weaver, William T. Maguy, and William M. Adams, move to stay this action and for an order compelling the plaintiffs to arbitrate the remaining claims.[2] I recommend that the court deny the motion.

---

[1] All claims against six other defendants named in the plaintiffs' First Amended Complaint, including Alpine Investors, LP, have been dismissed. Docket No. 109.

[2] The motion names Alpine Investors, LP as a moving party. Defendants Alpine Investors, LP, Graham Weaver, William T. Maguy and William M. Adams Motion to Stay and to Compel Arbitration ("Motion") (Docket No. 110) at 1. However, Alpine Investors has been terminated as a party, Docket at 1, and none of the authority cited by the defendants for the proposition that a dismissed party may nonetheless seek to compel arbitration of claims asserted against others supports their position. *See Intergen N.V. v. Grina*, 344 F.3d 134, 141-43, 150 (1st Cir. 2003) (nonsignatory party to case could not enforce arbitration clause against opposing nonsignatory party); *Doctor's Assocs., Inc. v. Hollingsworth,* 949 F.Supp. 77, 83-84 (D. Conn. 1996) (party subject to arbitration clause may not avoid arbitration by artfully pleading so as not to name contracting entity as defendant but only its employees or officers). All of the other case law cited by the defendants, Defendants' Reply to Plaintiff[s'] Opposition to Motion to Stay and to Compel Arbitration ("Reply") (Docket No. 112) at 3, deals with attempts of signatories to avoid arbitration, not, as here, with an attempt by a signatory to compel arbitration of claims against nonsignatories. Rule 54(b), cited as authority by the defendants for their position, "is designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action"; its "basic purpose . . . is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2654 at 33 (1998). The defendants seek to stretch the language far beyond this purpose. *See generally B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, No. 01-2410-JAR, 2004 WL 946894 at *1 (D. Kan. Apr. 28, 2004). This court should not allow a party that has successfully sought dismissal of all claims asserted against it in a lawsuit to reappear subsequently, ostensibly *as* a party, in order to compel arbitration of claims asserted by the plaintiff against others. Alpine Investors is no longer a party to this action and will not be considered as if it were a party in my analysis of the pending motion.

1

The court's consideration of a motion to compel arbitration involves the determination of whether there is an agreement to arbitrate, whether the dispute in question falls within the scope of that arbitration agreement, and whether the party seeking arbitration has waived the right to compel arbitration. *Bangor Hydro-Electric Co. v. New England Tel. & Tel. Co.*, 62 F.Supp.2d 152, 155 (D. Me. 1999) (citing *Brennan v. King*, 139 F.3d 258, 263-67 (1st Cir. 1998)). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.*, 774 F.2d 524, 528 (1st Cir. 1985) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). All doubts concerning the scope of arbitrable issues are resolved in favor of arbitration. *Id*. "However, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 52 (1st Cir. 2002) (citing *McCarthy v. Azure*, 22 F.3d 351, 354 (1st Cir. 1994)). A motion to compel arbitration will be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Unionmutual*, 774 F.2d at 428.

Entry of a stay pursuant to the Federal Arbitration Act, which is also requested by the defendants, is appropriate to the extent that the court is satisfied that the issue involved is referable to arbitration under an agreement in writing for such arbitration and the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3.

Here, the defendants rely on two documents to support their motion. Both are attached to the motion. My Free Medicine/Alpine Media Funding Agreement ("Media Agreement") (Exh. 1 to Motion); Memorandum dated October 23, 2004, To: Geoff Hasler/My Free Medicine, From: Will Adams/Alpine Investors ("Memo Agreement") (Exh. 2 to Motion). Both are signed by

Geoff Hasler for My Free Medicine or My Free Medicine.com. The Media Agreement is signed by Bill Maguy for Alpine Investors and the Memo Agreement is signed by William M. Adams for Alpine Investors. Only the Media Agreement contains an arbitration clause, which states:

> This Agreement will be construed and interpreted in accordance with the laws of the State of California. All disputes or any matters arising from this agreement shall be submitted to binding arbitration pursuant to the rules of the American Arbitration Association and the County of San Francisco shall be the venue for such arbitration.

Media Agreement at 2. Neither document is signed by any person in his or her personal capacity.

In my recommended decision on the motions to dismiss filed by all of the defendants named in the amended complaint, I noted that the breach of contract claim against each of the three remaining individual defendants is based on the second of the documents attached to the instant motion, the Memo Agreement. *Myfreemedicine.com LLC v. Alpine Investors*, Civil No. 08-362-B-W, 2010 WL 816649 at *15 & n.5 (D. Me. Mar. 4, 2010); *aff'd* __ F.Supp.2d __, 2010 WL 3269287, at *22 (D. Me. Aug. 13, 2010). I also noted that none of the parties had provided any authority to support or to challenge the amended complaint's allegations that Maguy and Weaver could be bound by Adams's undertaking of an obligation purportedly on their behalf in that document. *Id.* This continues to be the case.

The moving defendants rely on the Media Agreement as the contract binding the plaintiffs to arbitration, asserting in conclusory fashion that, since the document "is signed by representatives of the parties . . . there can be no genuine dispute that the Plaintiffs and the Alpine Defendants agreed to arbitrate at least some disputes between them." Motion at 7. This assertion, however, ignores the absence of any authority for its twin, implicit predicates: that Maguy could bind Weaver and Adams and that this contract is the basis of the plaintiffs' claims

3

against the moving defendants. Since the plaintiffs in fact do not rely on the Media Agreement, and there is no support for the defendants' foundational legal assertion that Maguy could bind Weaver and Adams, the moving defendants can only be said to have failed to establish the first element of their arbitration claim: that there was an agreement to arbitrate.

The defendants attempt to overcome these deficiencies by arguing that the two documents "articulate in pertinent part the same promise and encompass the same subject matter," and, therefore, the court should order arbitration of the claims based on the Media Agreement. *Id*. at 8-9. However, despite the defendants' facile assertion that language in the amended complaint should be interpreted as "an indication that the Plaintiffs see the pronoun difference [in the portion of the Media Agreement alleged to be identical to a portion of the Memo Agreement] as irrelevant," *id*. at 3 n.1, the promise in the Media Agreement, by its terms, binds only Alpine Investors, a partnership, while the promise in the Memo Agreement purports to bind Adams as an individual "or, in his absence[,] his partners at Alpine Investors[.]" *Id*. at 8-9. That difference is critical and should not be ignored.[3]

The defendants cite some authority for their position for the first time in their reply memorandum. However, their argument that the two agreements must be construed together is proffered only "[t]o the extent that the Plaintiffs are successful in infusing the [two] agreement with ambiguity[.]" Reply at 6. This recommended decision is not based in any way on a determination that either of the documents is ambiguous. It is based upon the fact that the only contract on which the plaintiffs' claims rely does not contain an arbitration clause. That is sufficient to require denial of the defendants' motion.

---

[3] In adopting my recommended decision, Chief Judge Woodcock held that "the language in the [Memo] Agreement upon which the Plaintiffs rely for their breach of contract claim only binds the individual members of Alpine, and not Alpine the [partnership,]" citing pages 26-27 of the recommended decision, which discuss the Memo Agreement. *Myfreemedicine.com LLC v. Alpine* Investors, __ F.Supp.2d __, 2010 WL 3269287 at 21 n.14 (D. Me. 2010). This holding cannot be ignored.

Denial of the motion to compel arbitration will render moot the request for a stay.

**Conclusion**

For the foregoing reasons, I recommend that the defendants' motion to compel arbitration and for a stay be **DENIED.**

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge